# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1681

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
|  | * | |
| Appellee, | * | |
|  | * | Appeal from the United States |
| v. | * | District Court for the |
|  | * | Northern District of Iowa. |
| Dennis Patrick Murphy, | * | |
|  | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 6, 1998
Filed: December 9, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Dennis Patrick Murphy challenges his conviction by the district court[1] after he entered a conditional guilty plea to conspiring to distribute cocaine. We reject his argument that the district court should have granted his motion to suppress statements he made while in the custody of law enforcement officers, and affirm.

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

Murphy was arrested for violating his probation; while in custody, he made incriminating statements to the arresting officers concerning his involvement in drug trafficking. He moved to suppress those statements, asserting that after his arrest he had requested to speak with his attorney, but had been unable to reach him; that the officers had nevertheless continued their interrogation of him; and that he had been coerced into cooperating with the officers. After a hearing, the district court denied Murphy's motion, crediting the testimony of the arresting officers that Murphy had successfully reached his attorney by telephone, had held a brief conversation with him, and upon hanging up, had announced his intention to answer the officers' questions regarding an ongoing drug investigation. The court found Murphy had volunteered his statement after consulting with his attorney. Murphy appeals.

We review the facts supporting the district court's denial of a motion to suppress for clear error, and review de novo the legal conclusions that are based upon those facts. See United States v. Sykes, 144 F.3d 564, 566 (8th Cir. 1998).

Murphy argues the district court erred because even if he had spoken with his attorney, he could not later waive his right to have an attorney present at his questioning unless counsel was present for such a waiver. We disagree. At the time of his interrogation, Murphy did not yet have a Sixth Amendment right to counsel with respect to the drug investigation underlying Murphy's cocaine conspiracy conviction. See McNeil v. Wisconsin, 501 U.S. 171, 175-76 (1991) (Sixth Amendment right to counsel attaches upon commencement of adversary judicial proceedings; right is offense-specific, and incriminating statements about crimes as to which right has not yet attached are admissible at trial of those offenses). Instead, Murphy had a right-- based on the Fifth Amendment--to have an attorney present at his custodial interrogation. See id. at 176-77. Once Murphy asserted this right, the officers were required to cease their interrogation and were barred from reinitiating interrogation unless counsel was present, see Minnick v. Mississippi, 498 U.S. 146, 153 (1990), or unless Murphy initiated further conversation with the officers relating to their

investigation, provided he knowingly and intelligently waived his right to have counsel present, see Oregon v. Bradshaw, 462 U.S. 1039, 1045-46 (1983).

The critical inquiry, therefore, is whether Murphy initiated further discussion with respect to the drug investigation after the calls to his attorney's office and home. The district court credited the officers' version of events, which included testimony from each officer that Murphy, after calling his attorney, knowingly expressed a willingness to answer further questions. Murphy thus initiated the conversation that led to his incriminating statements, and the record supports this conclusion. We reject Murphy's argument that the district court clearly erred in finding that his waiver of his right to have counsel present was voluntary. We find no clear error in the district court's fact findings, including its fact finding that Murphy consulted with his attorney before he made the incriminating statements. Cf. United States v. Padilla-Pena, 129 F.3d 457, 467 (8th Cir. 1997) ("We are particularly hesitant to find clear error in the district court's findings of fact where those findings are based on determinations of witness credibility."), cert. denied, 118 S. Ct. 2063, and cert. denied, 118 S. Ct. 2064 (1998).

Because the district court's credibility findings support the conclusion that Murphy voluntarily initiated his conversation with the officers, his statements are not subject to suppression. Accordingly, we affirm the judgment of the district court. See United States v. Abadia, 949 F.2d 956, 958 n.12 (8th Cir. 1991) (noting court of appeals may affirm on any basis supported by record), cert. denied, 503 U.S. 949 (1992).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-